IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

INTERNATIONAL UNION OF )
ELEVATOR CONSTRUCTORS, )
LOCAL 2, )
 )
      Plaintiff, )
 )
v. ) No. 04 C 6316
 )
JOINT APPRENTICESHIP )
COMMITTEE OF INTERNATIONAL )
UNION OF ELEVATOR )
CONSTRUCTORS, LOCAL 2, )
 )
      Defendant. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Joint Apprenticeship Committee of International Union of Elevator Constructors, Local 2's ("Committee") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, we grant the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff International Union of Elevator Constructors, Local 2 ("Local 2") along with other local unions is party to a collective bargaining agreement ("Master Agreement") with certain employers. Article XIX of the Master Agreement provides for the creation of an educational trust fund known as the National Elevator Industry Education Program ("NEIEP"). The NEIEP was intended to provide for the

1

educational training of employees in the skills of elevator construction. Article XIX of the Master Agreement authorizes the NEIEP Board of Trustees to adopt certain procedures and principles to be applied to the training programs known as the Apprenticeship Standards ("Standards") and Article XIX provides that the Standards which are created are then incorporated into the Master Agreement.

The NEIEP directed each local union to create committees to implement the Standards and accordingly, Local 2 and Chicago-area employers created the Defendant Committee which in turn adopted an agreement known as the Local 2 Joint Apprenticeship Standards ("Local 2 Standards"). Local 2 alleges that on August 17, 2004, the Committee held a meeting and at that meeting the Committee approved a motion that called for requiring employers to use teams of mechanics made up of two mechanics rather than using teams made up of an apprentice and mechanic ("August 17 ruling"). Local 2 alleges that the Committee subsequently refused to compel compliance with the August 17 ruling. Local 2 brought the instant action alleging that the Committee breached the terms of the Master Agreement and the Local 2 Standards in violation of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 *et seq.*

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a

2

complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *See also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief."). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a "cause of action. . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," Id., and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251.

## DISCUSSION

3

The Committee argues that this action should be dismissed because the Local 2 Standards does not constitute a labor agreement and that, although the Master Agreement is a labor agreement, the Committee is not a party to the Master Agreement. Local 2 bases its claim upon 29 U.S.C. § 185(a) ("Section 301(a)") of the LMRA. Section 301(a) provides the following:

> (a) Venue, amount, and citizenship
> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a)(emphasis added). The Seventh Circuit has made it clear that if the defendant in an action is "not alleged to have been a party to the collective bargaining agreement that formed the basis of the s 301 claim. . . the complaint lack[s] allegations which would bring [the defendant] within the scope of s 301(a), and thus fail[s] to state a claim for which relief could be granted." *Loss v. Blankenship*, 673 F.2d 942, 946 (7th Cir. 1982)(finding that the defendant who was merely employed by a party to a collective bargaining could not be sued under Section 301 and quoting *Fabian v. Freight Drivers & Helpers Local*, 557, 448 F.Supp. 835, 838 (D. Md. 1978) for the proposition that "[i]t is axiomatic, however, that a s 301 suit may be brought only against those who are parties to the contract in issue."); *Chicago District Council of Carpenters Pension Fund v. Safeco Ins. Co. of America*, 1995 WL 599059, at *1 (N.D. Ill. 1995).

The instant action is not based upon a labor agreement to which the Committee is a party. The Master Agreement provided for the Creation of the Committee and thus the Committee could not have even come into existence until

the Master Agreement became a valid binding contract. Thus, although the Master Agreement provided for the creation of the Committee, the Committee was not a party to the Master Agreement. Therefore, the Committee cannot be sued pursuant to Section 301(a) for a violation of the Master Agreement.

Local 2 has also brought suit against the Committee alleging violations of Local 2 Standards created by the Committee. We agree with the Committee that Local 2 Standards are merely a set of training standards and are not intended to regulate labor relations. Local 2 points out that the Master Agreement incorporates Local 2 Standards. However, the mere incorporation of the Local 2 standards into a collective bargaining agreement does not make the Local 2 standards a collective bargaining agreement themselves. Although the scope of Section 301(a) is not limited to formal collective bargaining agreements, the Seventh Circuit has only expanded the scope to include an "agreement between employers and labor organizations significant to the maintenance of labor peace between them." *McNealy v. Caterpillar, Inc.*, 139 F.3d 1113, 1121 (7th Cir. 1998). While the creation of the Local 2 Standards is related to the labor relations between Local 2 and employers, the contents of the Local 2 standards, that are the subject of the instant action, are not significantly related to labor relations. Therefore, since the instant action is not based upon a contract within the scope of Section 301(a) to which Local 2 and the Committee were parties, we grant the Committee's motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the Committee's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 28, 2005